Tlie opinion of tlie Court was delivered by
Poché, J.
Plaintiffs seek to annul a tax sale of tboir property, made on tlie 25tb of October, 1875, on the ground that the sale was made in violation of the law as contained in Section 3 of Act No. 7 of tlie Extra Session of 1875.
Defendant excepted, and urged:
1. Want of proper parties, because tlie tax collector was not made a party.
2. Want of tender of the price paid by him at the tax sale.
3. Tlie plea of prescription of three years.
His exception was properly overruled by the District Judge.
X.. Tlie tax collector is not a necessary party to such an action, as he has no personal interest in a judgment involving the title to property, which either belongs to plaintiffs, by reason of the alleged nullity of tlie sale, or is the property of the defendant under bis purchase. The State itself, to whom the proceeds of the sale were paid, could not, in such a proceeding, be compelled to reimburse the purchase price to the defendant, in case his sale should be annulled, and could not, therefore, be made a party, even with her consent. (30 A. 871). A fortiori her agent in the proceeding has no possible interest in the controversy. Hickman vs. Dawson, 33 A. 438.
2. In their petition plaintiffs allege their inability to tender the price paid by defendant, for the reason of the loss of the assessment *707 rolls for the years for the taxes of which the tax sale was made, and for the further reason that the taxes charged covered another portion of the property in controversy, which had been previously sold to the defendant. Under these allegations plaintiffs were exonerated from the obligation to make a previous tender of the purchase price as a condition precedent to their recovery of the property. 32 A. 924, Guidry vs. Broussard; 32 A. 1290, Miller vs. Montagne et al.; Stafford vs. Twitchell, 33 A. 520.
3. The plea of prescription of three years cannot defeat an action for the nullity of a tax sale, alleged to have been made in direct violation of a prohibitory law. We have held that such plea could be a bar to actions for informal or relative nullities only. Lague vs. Boagni, 32 A. 912.
For answer, the defendant pleaded the general issue, followed by a special defense, averring good faith in his purchase, which he made at the special request of the tutrix, plaintiff herein, to whom he subsequently paid some $450, so as to perfect his title, and he prayed that in case the sale be declared null, that he be allowed to remain in possession of the property, until reimbursed $176.99, amount of taxes, with 50 per ceDt. on that amount, the further sum of eight hundred dollars paid by him for improvements, and the additional sum of $450, amount paid to plaintiffs through their tutrix.
The judgment of the lower court decreed the nullity of the sale, and decreeing the defendant a purchaser in good faith, allowed him the sum of one hundred and fifty-nine dollars and forty-four cents, for taxes paid by him, and ordered him to remove the buildings and improvements placed by him on the premises on or before the first of April, 1882, with the right of retaining possession until reimbursed.
Both parties have appealed.
The test of the validity of the sale is found in the proper interpretation of Act No. 7 of 1875, which has been judicially expounded by our immediate predecessors, in two decisions, 30 A. 871; 32 A. 228; and construed to have provided a suspension of tax sales in all cases, from the date of its enactment to the first of November of that year.
If we felt called upon to give our own interpretation of the remedy intended by the legislature in enacting this remedial statute, we would, in all probability,,reach a different conclusion from that announced in the two cases mentioned; but as the interpretation adopted by the Court was twice, and very distinctly announced in important cases, and after careful examination and mature deliberation, we consider that the principle announced has now become a rule of property in our jurisprudence, and wemust yield to the inflexible but wise rule of stare decisis, which operates in mitigation of the uncertain and oft erring *708 judgment of the human mind, as a statute of repose or a harbor of safety.
The argument that the interpretation of our predecessors, in extending to all delinquent taxpayers throughout the State a relief apparently intended only for unfortunate owners of land which liad been overflowed in 1874, exposes the Section 3 of the Act to the charge of unconstitutionality, because the object attributed to it was not expressed in the title of the Act, is met by a comparison of the cases, which the relief contemplated by the Section was intended to meet, with the title of the Act.
The title of an Act “to relieve delinquent taxpayers from the payment of penalties in certain cases,” is sufficiently broad to include the cases in which delinquent taxpayers would pay the principal or the amount of their taxes, on or before the first of November, 1875, to whom, in such cases, all interests and penalties would be remitted, as provided in the Section under consideration.
We, therefore, conclude that the sale of plaintiffs’ property was an absolute nullity.
But under the peculiar circumstances of this case, turning upon the propor interpretation of a Statute of at least very doubtful import, we consider that the purchaser was in legal good faith, and thus entitled to be reimbursed for the value of his improvements and the amount of his purchase price, including the costs and penalties, as well as the amount of the tax. As it appears from the record that plaintiffs made no effort to settle their taxes on or before the first of November, 1875, on the property, the ownership of which they claim not to have been divested by the tax sale, which was null ab initio, they are not entitled to the benefits conferred by the Act of 1875, and are bound to defendant for all costs and penalties to which the property became liable under the very legislation invoked by them.
From the averment of defendant, touching the sum of four hundred and fifty dollars, which he advanced to the tutrix, who has no personal right or interest in the property, and which, therefore, she could not dispose of or alienate in any mannor, it is clear that defendant cannot be allowed to claim or recover that sum from the owners of the prop-' erty, in this proceeding.
In attempting to adjust the claim of plaintiffs for rents and revenues accrued since the filing of their suit, as well as for materials of theirs used by defendant, and for shrubbery, and the counter-claim of defendant for the value of his improvements, we are, as is usual in such cases, met with a mass of conflicting testimony, which we have taken great trouble to scrutinize, and from which we have drawn the following conclusions:
*709 That plaintiffs can recover nothing for the shrubbery alleged tp have been removed from the property by defendant; that the materials used out of their old house by defendant, were worth $50; and that the rent of the property from February 24, 1880, is worth $50 a year, and that the value of the improvements of defendant is $600; the taxes and costs paid as purchase price amounted to $176.99; but that he is not entitled to fifty per cent, thereon, allowed by the lower court, and that the taxes paid by him since the sale amount to $27.20.
It is, therefore, ordered, that the judgment, of the lower court be amended in the following particulars:
1. Iu allowing $159.44 to defendant, in reimbursement of taxes paid by him, which amount is increased to $176.99 for taxes, penalties and costs paid at the sale, and to the additional sum of $27.20 for taxes paid since the sale. • ■
2. In ordering defendantto remove his buildingsand improvements, for which we decree him entitled to recover $600, subject to a credit of $50 for plaintiffs’ materials used, and to the annual rent of $50, from February 24, 1880, to date of this judgment.
3. In allowing to defendant fifty per cent, on the amount of taxes paid by him, which per centum is hereby refused.
' And it is ordered, that in all other respects said judgment be affirmed, costs of appeal to be paid by plaintiffs.
Rehearing refused.